ERNEST O. STUCKE v. FRIEDERICH W. RADKE.[1]

February 1, 1924.

No. 23,739.

**Agreement to surrender note upon assignment of mortgage.**

In a suit brought to cancel a promissory note, the evidence justified the court in finding that at the time of the execution of the note it was agreed between the maker and the payee that when the former assigned and delivered a certain mortgage to the latter the note should be surrendered.

Action in the district court for Morrison county to cancel a promissory note. The case was tried before Roeser, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for judgment notwithstanding the findings or for a new trial, defendant appealed. Affirmed.

*E. A. Kling,* for appellant.

*Wood & Wood* and *Donohue & Quigley,* for respondent.

LEES, C.

This was a suit to cancel a promissory note of $2,000, payable on demand and executed by the plaintiff to the defendant on October 25, 1920. The answer put in issue certain material allegations of the complaint and, by way of counterclaim, asked judgment for the amount of the note. The findings were in plaintiff's favor. Defendant moved in the alternative for judgment notwithstanding the findings or for a new trial, and has appealed from a denial of the motion.

The parties are brothers-in-law and formerly resided in Yellow Medicine county, where the defendant owned a quarter section of land, which he sold and conveyed to the plaintiff in May, 1919, taking from plaintiff a first mortgage for $10,500. A few months later plaintiff conveyed the land to one Cooke, getting in exchange

[1]Reported in 196 N. W. 962.

a building in the village of Courtland in Nicollet county, and a second mortgage on the Yellow Medicine county land for $4,500. Plaintiff wished to dispose of the building and the mortgage and defendant knew it. He had moved to Morrison county, where he lived on a farm and dealt in real estate in a small way. One Pearson owned a quarter section of land in Todd county near the farm where defendant lived and wished to sell the land. Defendant brought the plaintiff and Pearson together and they agreed upon an exchange of the building for the land. Defendant was interested in having the exchange made because he would then get a commission from both parties. By the terms agreed upon when the exchange was made, plaintiff was to pay Pearson $1,100. He did not have the money. Defendant made the payment for him. How he came to make it is the disputed point in the case.

Defendant testified that in the evening of October 24, 1920, he agreed to buy the Cooke mortgage and pay plaintiff $2,000 for it; that in the morning of October 25 plaintiff told him he had changed his mind about selling the mortgage for $2,000, expressing the belief that he could get $3,000 for it, whereupon defendant told him he might keep the mortgage and give him a note for $2,000 instead, and that this was done, the note being executed before the Pearson trade was concluded; that the amount of the note was made up of the money paid to Pearson, money owed by plaintiff to defendant, and $267.30 paid to plaintiff, $200 on October 25, 1920, and $67.30 on November 19, 1920. Plaintiff introduced evidence to show that the exchange with Pearson was completed on October 25, 1920; that the note to defendant was executed thereafter and in the evening of that day; that defendant asked for the note so he would have something to show for the money he had advanced until the Cooke mortgage was turned over to him, agreeing that when this was done he would return the note. The Cooke note and mortgage had been deposited by plaintiff in a bank at Courtland and were held as collateral security for his note to the bank of $700. The mortgage was not assigned to defendant and was not tendered to him with an assignment until early in the fall of 1921.

The question before the trial court was whether the defendant bought the Cooke mortgage or loaned plaintiff $2,000, taking his note for the money loaned and not merely to hold until plaintiff got the mortgage from the bank and assigned it to defendant.

With reference to the motion for judgment, it is enough to say that the statute authorizing such a motion has no application where the trial is by the court without a jury. If the motion is made and denied, the appeal may be treated as though it had been taken from an order denying a motion for a new trial, but it can have no other effect. Meshbesher v. Channellene Oil & Mnfg. Co. 107 Minn. 104, 119 N. W. 428, 131 Am. St. 441.

It is earnestly contended that the evidence and the inferences which must be drawn therefrom compel the conclusion that the note was given for a loan procured by plaintiff from defendant and for these reasons: Plaintiff could not give good title to the Cooke mortgage without first discharging the bank's lien. The lien was not discharged until November 3, 1921, when the final payment to the bank was made. Plaintiff directed the bank to collect the interest from Cooke, at a time when he now asserts that the mortgage belonged to defendant. He executed an assignment to the bank in November, 1920, leaving a blank for the insertion of the name of the assignee. He did not make a tender of the mortgage and an assignment to defendant until the fall of 1921, and when the tender was made the mortgage was still held by the bank. It is properly urged that these and other circumstances of less significance support the contention.

On the other hand, it was shown that Cooke failed to pay the interest on the first mortgage and that late in the summer of 1921 defendant foreclosed the mortgage; that on one or more occasions prior thereto plaintiff notified him that he was prepared to pay his debt to the bank and to assign the Cooke mortgage, but defendant asked him to wait and see whether he could not sell the mortgage for more than $2,000, offering to give him half of all he got over and above that amount; that plaintiff endeavored to find a buyer who would pay more than $2,000, but failed. From these circumstances

it might be inferred that when defendant became convinced that the Cooke mortgage was of uncertain value and that it was probable he would get the land back on the first mortgage, he determined to take the stand that the Cooke mortgage belonged to plaintiff and to hold him on his note.

There was a clear-cut issue of fact with sharply conflicting evidence bearing upon it. The trial court determined the issue in plaintiff's favor. There was sufficient evidence to support the finding, and hence the order denying a new trial must be affirmed.